ORIGINAL-WHITE     DUPLICATE-YELLOW     TRIPLICATE-PINK

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
SOUTHERN DISTRICT OF NEW YORK

E 912615

RECEIVED FROM   at _____
Joseph, Herzfeld

10 cv 6191 (GBD)

| Fund | | |
|---|---|---|
| 6855XX | Deposit Funds | |
| 604700 | Registry Funds | |
| | General and Special Funds | |
| 508800 | Immigration Fees | |
| 085000 | Attorney Admission Fees | |
| 086400 | Filing Fees | |
| 086900 | Filing Fees | |
| 322340 | Sale of Publications | |
| 322350 | Copy Fees | |
| 322360 | Miscellaneous Fees | |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | |
| 504100 | Crime Victims Fund | |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

DEPUTY CLERK: 

| DATE: | | Cash | Check | M.O. | Credit |
|---|---|---|---|---|---|
| 20 | | | | | |

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern  District of  New York

Alom Jahangir

V.

Schatzi Corp. d/b/a Wallse Restaurant and Kurt Guttenbrunner

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 10 CV 6191

JUDGE DANIELS

TO: (Name and address of Defendant)

Kurt Guttenbrunner
c/o Schatzi Corp.
342 W. 111th Street
New York, New York 10014

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

D. Maimon Kirschenbaum
Joseph, Herzfeld, Hester & Kirschenbaum LLP
757 Third Avenue
25th Floor
New York, NY 10017

an answer to the complaint which is served on you with this summons, within ___21___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

RUBY J. KRAJICK                                  AUG 1 8 2010

CLERK _[signature]_                              DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE |  |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                      Date                                         *Signature of Server*

                                                            _____
                                                            *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

JUDGE DANIELS

10 CV 5191

RECEIVED
AUG 18 2010
U.S.D.C. S.D.N.Y.
CASHIERS

D. Maimon Kirschenbaum
Charles Joseph
JOSEPH, HERZFELD, HESTER, &
KIRSCHENBAUM, LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ALOM JAHANGIR,

        **Plaintiff,**

    v.                                                                              **COMPLAINT**

SCHATZI CORP. d/b/a WALLSE
RESTAURANT and KURT
GUTTENBRUNNER
        **Defendants.**
------------------------------------------------------------x

    1.    Plaintiff alleges as follows:

## JURISDICTION AND VENUE

    2.    This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the claims brought under the New York Minimum Wage Act, New York Labor Law § 651, *et seq.*, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. Defendant Schatzi Corp. is a New York corporation that owns and operates Wallse restaurant in Manhattan.

5. Upon information and belief, Defendant Schatzi Corp. has an annual gross volume of sales in excess of $500,000.

6. Defendant Kurt Guttenbrunner is an owner/operator of Defendant Schatzi Corp., and at all relevant times exercised sufficient control of their day-to-day operations to be considered Plaintiff's employer under the Fair Labor Standards Act and New York state law.

7. Plaintiff Alom Jahangir was employed by Defendants as a service employee for roughly 4 years, ending in July 2010.

## FACTS

8. Defendants committed the following alleged acts knowingly, intentionally and willfully.

9. Defendants knew that nonpayment of minimum wage, overtime, and spread of hours and illegal retention of tips would economically injure Plaintiff and violated federal and state laws.

10. Defendants unlawfully paid the Plaintiff an hourly rate below the federal and state minimum wage for regular and overtime hours worked.

11. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available in some cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5, because Defendants retained portions of Plaintiff's tips and/or required Plaintiff to share tips with management.

12. In addition, Plaintiff typically worked more than 40 hours per week.

13. However, Plaintiff was not paid for all hours worked, including overtime/

14. Plaintiff was not compensated New York's "spread of hours" premium for days on which his shifts lasted longer than ten hours.

## FIRST CLAIM FOR RELIEF
### FLSA Minimum Wage Claims, 29 U.S.C. §§ 201, *et seq.*

15. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

16. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff.

17. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

18. Plaintiff seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

3

## SECOND CLAIM FOR RELIEF
### FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*

19. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

21. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

22. Plaintiff seeks damages in the amount of his respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*

23. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

24. Defendants knowingly paid the Plaintiff less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

25. Defendants did not pay Plaintiff the minimum wage for all hours worked.

26. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

27.     As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiff is entitled to recover unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*

28.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

29.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

30.     Throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates, one and a half times his regular rate for hours worked in excess of forty (40) hours per workweek.

31.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
### New York Spread of Hours Provisions,
### New York Labor Law § 650 *et seq.*,
### and N.Y. Comp. Code R. & Regs. tit. 12, §137-1.7

32.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

33.     Plaintiff's workday regularly lasted longer than 10 hours.

34. Defendants willfully failed and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate, as required by New York law.

35. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, including unpaid wages, unpaid overtime compensation, and liquidated damages, to be paid by Defendant;

B. Penalties and liquidated damages available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 201 *et seq.*, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       August 17, 2010

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: _____
    D. Maimon Kirschenbaum

Charles Joseph
JOSEPH, HERZFELD, HESTER, & KIRSCHENBAUM, LLP
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiff*

7